SUAREZ, J.
The State of Florida petitions for issuance of a writ of certiorari quashing that part of the trial court’s order granting the Public Defender’s motion to withdraw. The Public Defender has cross-petitioned to challenge that portion of the order denying the Public Defender’s motion to declare section 27.5303(l)(d), Florida Statutes (2007), unconstitutional. We grant the State’s petition in part and quash that portion of the order allowing the Public Defender to withdraw from Antoine Bowen’s case. We deny the Public Defender’s challenge to the constitutionality of section 27.5303(l)(d), Florida Statutes (2007).
The Public Defender for the Eleventh Judicial Circuit of Florida [“PD11”] alleges that the excessive caseload of Assistant Public Defender Jay Kolsky [“Kolsky”] prevents him from diligently and competently representing the defendant, Antoine Bowens. Kolsky was assigned to represent Bowens, who is facing a first-degree felony charge and is eligible for a life sentence as a habitual offender. Bowens asserted that the conflict of interest created by Kolsky’s excessive caseload will result in unavoidable prejudice where there is a substantial risk that Kolsky’s representation will be materially limited by his responsibilities to other clients.
In August 2009, PD11 had Kolsky move to withdraw from Bowen’s case, citing Kol-sky’s then-present caseload of 164 pending “C” (mostly third-degree) felony cases, his concomitant training responsibilities, and his resulting inability to fulfill the standards of representation set forth by the Florida Bar and the Florida Rules of Criminal Procedure, at least as to out-of-custody defendants.[1] PD11 and Kolsky also moved to declare section 27.5303(1)(d), Florida Statutes (2007) to be unconstitutional. After a three-day evidentiary hearing, the trial court denied PDll’s motion to declare the statute unconstitutional, but found that PD11 and Kolsky had demonstrated adequate, individualized proof of prejudice to Bowens as a direct result of Kolsky’s workload, and granted the Public Defender’s motion to withdraw. The State argues that the trial court departed from the essential requirements of the law by granting the PDll’s motion to withdraw from its representation of Antoine Bowens because PD11 did not demonstrate the *481 requisite conflict or prejudice required for withdrawal. We agree.
On May 13, 2009, before the present case was filed, this Court reversed a trial court order permitting PD11 to decline representation in all future third-degree felony cases by reason of PDll’s excessive caseload. See State v. Public Defender, Eleventh Judicial Circuit, 12 So.3d 798 (Fla. 3d DCA 2009), review granted, No. SC09-1181, 2010 WL 2025545 (Fla. May 19, 2010). We held then, and continue to hold, that while a trial court must determine whether counsel is sufficiently competent, this determination must occur on a case-by-case basis. Id. at 802. And,
[t]hat is not to say that an individual attorney cannot move for withdrawal when a client is, or will be, prejudiced or harmed by the attorney’s ineffective representation. However, such a determination, absent individualized proof of prejudice or conflict other than excessive caseload, is defeated by the plain language of the statute. § 27.5303(l)(a) and (d), Fla. Stat. (2007).
Id. at 805. (emphasis added).
The pertinent subsections of section 27.5303(1) provide:
(l)(a) If, at any time during the representation of two or more defendants, a public defender determined that the interests of those accused are so adverse or hostile that they cannot all be counseled by the public defender’s office or his or her staff because of a conflict of interest, then the public defender shall file a motion to withdraw and move the court to appoint other counsel....
(l)(d) In no case shall the court approve a withdrawal by the public defender or criminal conflict and civil regional counsel based solely on the inadequacy of funding or excess workload of the public defender.
As the trial court pointed out, and we agree, neither the statutory framework nor the State v. Public Defender decision forecloses judicial relief upon determination of actual prejudice to a defendant’s constitutional rights.
Our analysis of the record in this case, however, leads us to conclude that there was no evidence of actual or imminent prejudice to Bowens’ constitutional rights. If the trial court’s order stands, all that the PD11 must do to show prejudice is swear that he or she has too many cases or that the workload is so excessive as to prevent him or her from working on the client’s case prior to the scheduled trial, and that he or she will be forced to file for continuance, thereby waiving the client’s speedy trial rights. This “prejudice” is not the type of prejudice that this Court referred to in State v. Public Defender. Prejudice means there must be a real potential for damage to a constitutional right, such as effective assistance of counsel or the right to call a witness, or that a witness might be lost if not immediately investigated. And this is the critical fact— the PD11 has not made any showing of individualized prejudice or conflict separate from that which arises out of an excessive caseload. Neither the PD11 nor the trial court has demonstrated that there was something substantial or material that Kolsky has or will be compelled to refrain from doing. The prejudice is speculative and the plain language of the statute defeats this particular case. The argument presented in this case is a variation of the argument raised and addressed in State v. Public Defender — that because of underfunding from the legislature, the PD11 is understaffed and its attorneys are overworked and cannot properly represent *482 clients.[2]
The present circumstances, including the need to file a continuance, do not rise to the threshold level of actual prejudice. Without a factual showing that the defendant’s interests are impaired or compromised, conflict is merely possible or speculative.[3] We conclude that the trial court’s order is a departure from the essential requirements of law, and therefore grant the State’s petition for certiorari and quash that portion of the order below granting the PDll’s motion to withdraw. We agree with the trial court’s analysis of the constitutionality of the statute and deny the Public Defender’s cross-petition for certiorari on that issue. See also State v. Public Defender, Eleventh Judicial Circuit, 12 So.3d 798 (Fla. 3d DCA 2009), review granted, No. SC09-1181, 2010 WL 2025545 (Fla. May 19, 2010).
The State’s petition is granted in part and denied in part, and the order below is quashed in part. The Public Defender’s cross-petition for certiorari is denied.
In light of the Florida Supreme Court granting review in State v. Public Defender, Eleventh Judicial Circuit, 12 So.3d 798 (Fla. 3d DCA 2009), review granted, No. SC09-1181, 2010 WL 2025545 (Fla. May 19, 2010), we believe that the Florida Supreme Court should address this matter in the interest of uniformity, and so we certify to that Court the following question as one of great public importance:
Whether section 27.5303(l)(d), Florida Statutes (2007), which prohibits a trial court from granting a motion for withdrawal by a public defender based on “conflicts arising from underfunding, excessive caseload or the prospective inability to adequately represent a client,” is unconstitutional as a violation of an indigent client’s right to effective assistance of counsel and access to the courts, and a violation of the separation of powers mandated by Article II, section 3 of the Florida Constitution as legislative interference with the judiciary’s inherent authority to provide counsel and the Supreme Court’s exclusive control over the ethical rules governing lawyer conflicts of interest?

. Bowens, at the time the motion to withdraw was filed, remained free on bond pending disposition of the charges. At the sounding on October 22, 2009, after the evidentiary hearing, both the State and Kolsky moved for continuance, which was granted.

. While we are sympathetic with the situation in which the PD11 is placed and the pressures and difficulties under which each of the attorneys in that office labors because of lack of funding, this argument is one that statutorily cannot be used as a basis for withdrawal from representation.

. We note that the Office of Criminal Conflict and Civil Regional Counsel for the Third District has not chosen to intervene in this case, which would indicate to this Court that the Office is willing to and can take on Bowens' defense if needed.